IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |
|---|---|
| IN RE | ) |
| HOT-HED, INC., | ) CASE NO. 11-35208-H3-7 |
| Debtor, | ) |
| WILLIAM G. WEST, JR., TRUSTEE, | ) |
| Plaintiff, | ) |
| v. | ) ADV. NO. 13-3107 |
| LOUIS JASPER WARDLAW POSEY, ET AL., | ) |
| Defendants. | ) |

ENTERED 06/26/2014

## MEMORANDUM OPINION

The court has considered "Defendant Louis Wardlaw's Motion to Dismiss Second Amended Complaint" (Docket No. 82); "Hot-Hed International, S.A.'s Motion to Dismiss Plaintiff's Second Amended Complaint" (Docket No. 83); "PT Hot-Hed Indonesia's Motion to Dismiss Plaintiff's Second Amended Complaint" (Docket No. 84); and "WAHA S.A.'s Motion to Dismiss Plaintiff's Second Amended Complaint" (Docket No. 85). The following are the Findings of Fact and Conclusions of Law of the court. A separate conforming Judgment will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are

adopted as such.

## Background

Hot-Hed, Inc. ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on June 16, 2011. William G. West, Jr. ("Trustee") is the Chapter 7 Trustee.

In the second amended complaint in the instant adversary proceeding (Docket No. 72), Trustee asserts generally[1] that Louis Jasper Wardlaw Posey ("Wardlaw")[2] structured the business of Debtor and Defendant Hot-Hed International, S.A. ("HHI") such that Debtor's profits from the sale of its goods were diverted to HHI. Trustee asserts generally that Wardlaw directed proceeds payable to Debtor from settlement of a legal malpractice action to be paid to WAHA, S.A. ("WAHA"). Trustee asserts generally that Debtor fraudulently transferred funds to HHI and Wardlaw. Trustee asserts generally that other defendants, including PT Hot-Hed Indonesia ("HH Indonesia"), have Debtor's inventory in their possession, and have failed to turn it over to Trustee.

Wardlaw filed the instant motion to dismiss (Docket No. 82), asserting that this court lacks personal jurisdiction over Wardlaw, that the service of process has been insufficient, and

---

[1] Only the allegations pertinent to the instant motions are addressed.

[2] Wardlaw's responsive pleadings identify him as "Louis Wardlaw."

that the complaint fails to state a claim against Wardlaw on which relief can be granted.

HHI filed the instant motion to dismiss (Docket No. 83), asserting that this court lacks personal jurisdiction over HHI, that the service of process has been insufficient, and that the complaint fails to state a claim against HHI on which relief can be granted.

HH Indonesia filed the instant motion to dismiss (Docket No. 84), asserting that this court lacks personal jurisdiction over HH Indonesia, that the service of process has been insufficient, and that the complaint fails to state a claim against HH Indonesia on which relief can be granted.

WAHA filed the instant motion to dismiss (Docket No. 85), asserting that this court lacks personal jurisdiction over WAHA, and that the service of process has been insufficient.

## Personal Jurisdiction

In the absence of an evidentiary hearing, a plaintiff need only make a prima facie or threshold showing of jurisdiction. Alpine View Co. v. Atlas Copco AB, 205 F.3d 208 (5th Cir. 2000).[3]

---

[3]The court notes, however, that if the instant adversary proceeding reaches trial, Plaintiff will be required to establish personal jurisdiction by a preponderance of the evidence. In re Chinese-Manufactured Drywall Products Liability Litigation, --- F.3d ----, 2014 WL 2111672 (5th Cir. 2014).

Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons. <u>Daimler AG v. Bauman</u>, --- U.S. ----, 134 S.Ct. 746, 187 L.Ed.2d 624 (2014).  Under Texas' long-arm statute, personal jurisdiction extends to the constitutional limits.  <u>Mullins v. TestAmerica, Inc.</u>, 564 F.3d 386 (5th Cir. 2009).  Thus, courts consider whether the defendant has sufficient minimum contacts so as to not offend traditional notions of fair play and substantial justice.  <u>Mink v. AAAA Dev. LLC.</u>, 190 F.3d 333 (5th Cir. 1999) (citing <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945)).  When a federal court attempts to exercise personal jurisdiction over a defendant in a suit based upon a federal statute providing for nationwide service of process, the relevant inquiry is whether the defendant has had minimum contacts with the United States.  <u>Busch v. Buchman, Buchman & O'Brien, Law Firm</u>, 11 F.3d 1255 (5th Cir. 1994).

<u>International Shoe</u> distinguished between, on the one hand, exercises of specific jurisdiction, in which suit arises out of or relates to the defendant's contacts with the forum, and general jurisdiction, in which a foreign defendant's continuous operations within a state are so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities.  <u>Daimler AG v. Bauman</u>, --- U.S. ----, 134 S.Ct. 746, 187 L.Ed.2d 624 (2014).

General jurisdiction requires affiliations so continuous and systematic as to render the defendant essentially at home in the forum state. Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. ----, 131 S.Ct. 2846, 180 L.Ed.2d 796 (2011).

For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile. Daimler AG v. Bauman, --- U.S. ----, 134 S.Ct. 746, 187 L.Ed.2d 624 (2014).

Specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation. First, the relationship must arise out of contacts that the defendant creates with the forum state. Second, the "minimum contacts" analysis looks to the defendant's contacts with the forum state, not the defendant's contacts with persons who reside there. The plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him. A forum State's exercise of jurisdiction over an out-of-state intentional tortfeasor must be based on intentional conduct by the defendant that creates the necessary contacts with the forum. Walden v. Fiore, --- U.S. ----, 134 S.Ct. 1115, 188 L.Ed.2d 12 (2014).

A single tortious act directed at the forum is sufficient to establish jurisdiction in connection with a fraudulent transfer claim.  <u>Lewis v. Fresne</u>, 252 F.3d 352 (5th Cir. 2001).

### Wardlaw

In the second amended complaint, Trustee alleges general and specific jurisdiction over Wardlaw.  Trustee alleges that Wardlaw was born in Texas, and was a Texas resident until at least 1994; Wardlaw was married to a Texas resident until 2011; Wardlaw owned real property in Texas prior to the 2011 divorce; Wardlaw held title to a Ford Excursion, with a Texas license plate, in 2013; Wardlaw owned as his separate property real property in Rocksprings, Texas; Wardlaw continues to own a mineral interest in Montague County, Texas; and Wardlaw was a party to litigation in Texas.  Trustee also alleges that Wardlaw had a Texas Driver's License, an address in Texas, counsel in Texas, a Texas cell phone number, owned tangible personal property in Texas, traveled to Texas for the Offshore Technology Conference, and owned a significant portion of Debtor's equity.  These allegations make a prima facie case that Texas is Wardlaw's home, for the purposes of general jurisdiction.

Trustee alleges, in the second amended complaint, that Wardlaw is the alter ego of various defendants, and breached fiduciary duties to Debtor.  The complaint alleges that these

actions arise out of Wardlaw's contacts with the United States. These allegations make a prima facie case that this court has specific jurisdiction over Wardlaw, with respect to those issues. The court concludes, for the purpose of the instant motion, that dismissal should be denied as to Wardlaw's assertion that this court lacks personal jurisdiction over him.

### HHI

In the second amended complaint, Trustee alleges, <u>inter alia</u>, that HHI functioned out of Debtor's office in Houston, Texas. This allegation makes a prima facie case that this court has general jurisdiction over HHI.

In the second amended complaint, Trustee alleges that HHI received fraudulent transfers from Debtor. This allegation makes a prima facie case that this court has specific jurisdiction over HHI. The court concludes, for the purpose of the instant motion, that dismissal should be denied as to HHI's assertion that this court lacks personal jurisdiction over it.

### HH Indonesia

In the second amended complaint, Trustee alleges that HH Indonesia received fraudulent transfers from Debtor. This allegation makes a prima facie case that this court has specific jurisdiction over HH Indonesia. The court concludes, for the purpose of the instant motion, that dismissal should be denied as to HH Indonesia's assertion that this court lacks personal

jurisdiction over it.

## WAHA

In the second amended complaint, Trustee alleges that WAHA's contacts with the United States should be determined based on Wardlaw's contacts with the United States.

Under Texas law, when determining if personal jurisdiction can be imputed through a parent-subsidiary relationship, there is a presumption that the subsidiary, even one that is wholly-owned, is independent of its parent for jurisdictional purposes. This presumption can only be overcome by the plaintiff with clear evidence that is sufficient to demonstrate that the subsidiary is the alter ego of the parent. <u>Gonzalez v. Bank of America Ins. Services, Inc.</u>, 454 Fed. Appx. 295 (5th Cir. 2011).

In the second amended complaint, Trustee alleges that Wardlaw is the alter ego of all Defendants. The facts pled in support of that allegation as to WAHA do not make a prima facie case of alter ego. However, there remains pending a motion (Docket No. 70) in which Trustee seeks an order compelling Wardlaw to respond to jurisdictional discovery. In light of the pending motion to compel, the court will deny the motion the dismiss as to WAHA, without prejudice to its re-urging upon the

completion of jurisdictional discovery.[4]

## Sufficiency of Process

This court previously entered orders addressing the service of process on Wardlaw, HHI, HH Indonesia, and WAHA. The order entered on September 25, 2013 (Docket No. 16) authorized service on Wardlaw, HHI, HH Indonesia, and WAHA by affixing a copy of the complaint and summonses to the front door or hand-delivering them to a security guard at two addresses in Jakarta, Indonesia. The order entered on December 30, 2013 (Docket No. 47) authorized service on Wardlaw, HHI, HH Indonesia, and WAHA by serving their counsel of record in the instant adversary proceeding. Wardlaw, HHI, HH Indonesia, and WAHA did not appeal this court's December 30, 2013 order.

In the instant motions to dismiss, Wardlaw, HHI, HH Indonesia, and WAHA each assert that authorizing service on their counsel was improper. The arguments raised by Wardlaw, HHI, HH Indonesia, and WAHA are an improper collateral attack on this court's December 30, 2013 order.

## Sufficiency of Pleading

Under Rule 8 of the Federal Rules of Civil Procedure, as made applicable by BR 7008, a pleading must contain a short and plain statement of the claim showing that the pleader is

---

[4]The court will, by separate order, set the motion to compel for hearing.

entitled to relief. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plaintiff must plead specific facts, not mere conclusory allegations. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

<u>Wardlaw</u>

Wardlaw argues that the complaint fails to state a claim because Trustee failed to plead fraud with particularity, and the claims are preempted by the Texas Business Organizations Code.

Tex. Bus. Org. Code § 21.223 provides:

(a) A holder of shares, an owner of any beneficial interest in shares, or a subscriber for shares whose subscription has been accepted, or any affiliate of such a holder, owner, or subscriber or of the corporation, may not be held liable to the corporation or its obligees with respect to:

(1) the shares, other than the obligation to pay to the corporation the full amount of consideration, fixed in compliance with Sections 21.157-21.162, for which the shares were or are to be issued;

(2) any contractual obligation of the corporation or any matter relating to or arising from the obligation on the basis that the holder,

10

>      beneficial owner, subscriber, or affiliate is or
>      was the alter ego of the corporation or on the
>      basis of actual or constructive fraud, a sham to
>      perpetrate a fraud, or other similar theory; or
>
>      (3) any obligation of the corporation on the basis
>      of the failure of the corporation to observe any
>      corporate formality, including the failure to:
>
>           (A) comply with this code or the certificate
>           of formation or bylaws of the corporation; or
>
>           (B) observe any requirement prescribed by
>           this code or the certificate of formation or
>           bylaws of the corporation for acts to be
>           taken by the corporation or its directors or
>           shareholders.
>
> (b) Subsection (a)(2) does not prevent or limit the
> liability of a holder, beneficial owner, subscriber, or
> affiliate if the obligee demonstrates that the holder,
> beneficial owner, subscriber, or affiliate caused the
> corporation to be used for the purpose of perpetrating
> and did perpetrate an actual fraud on the obligee
> primarily for the direct personal benefit of the
> holder, beneficial owner, subscriber, or affiliate.

Tex. Bus. Org. Code § 21.223.

There is a split of authority with respect to interpretation of the pleading requirements regarding Section 21.223.[5] Prior to the adoption of Section 21.223, the Texas Supreme Court held that constructive fraud was sufficient to a finding of a sham to perpetrate a fraud, which would support a piercing of the corporate veil. <u>Castleberry v. Branscum</u>, 721 S.W.2d 270 (Tex. 1986). The Fifth Circuit cited <u>Castleberry v. Branscum</u> with approval, in <u>dicta</u>, in <u>Spring Street Partners-IV,</u>

---

[5] References to "Section 21.223" refer to Tex. Bus. Org. Code § 21.223.

LP v. Lam, 730 F.3d 427 (5th Cir. 2013).  In Kingston v. Helm, 82 S.W.3d 755 (Tex. App.--Corpus Christi 2002), the court held that the predecessor to the present Section 21.223 applies only to suits which attempt to impose individual liability on a corporate shareholder not on the basis of the shareholder's own actions, but rather on the basis of the shareholder's mere status as shareholder.

     In Weston Group, Inc. v. Southwest Home Health Care, LP, 2014 WL 940329 (N.D. Tex. 2014), the court held, in denying a motion to dismiss for failure to state a claim, that notwithstanding Section 21.223, a complaint which alleged the funneling of funds between companies, combined with an alleged misrepresentation about fulfilling contractual obligations and undercapitalized corporate entities, was sufficient to state a claim.

     In Williams v. WMX Technologies, Inc., 112 F.3d 175 (5th Cir. 1997), the Fifth Circuit held, agreeing with the Second Circuit's approach in Mills v. Polar Molecular Corp., 12 F.3d 1170 (2d Cir. 1993), that articulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.

Trustee alleges in the second amended complaint that nearly all of Debtor's business was in the form of sales to HHI, with margins so small that Debtor could not operate without additional cash infusions, and that HHI sold Debtor's goods for a substantial profit, none of which inured to Debtor's benefit. Trustee alleges that Wardlaw used, <u>inter</u> <u>alia</u>, HHI and WAHA, to evade existing legal obligations and perpetrate fraud. The allegations in the second amended complaint are similar to those in <u>Weston Group</u>.  The court concludes that the complaint states a claim with respect to Wardlaw.

### HHI

HHI argues that the complaint fails to state a claim because Trustee failed to plead fraud with particularity.

Trustee alleges in the second amended complaint that nearly all of Debtor's business was in the form of sales to HHI, with margins so small that Debtor could not operate without additional cash infusions, and that HHI sold Debtor's goods for a substantial profit, none of which inured to Debtor's benefit. Trustee alleges that this structure defrauded Debtor.  The court concludes that the complaint states a claim with respect to HHI.

### HH Indonesia

HH Indonesia argues that there is no evidence that the inventory it held was Debtor's inventory, and that Trustee has failed to plead fraud with particularity.

The court's function on a motion to dismiss for failure to state a claim is to assess the sufficiency of the pleading, not the evidence.

In the second amended complaint, Trustee does not plead specific facts stating a claim as to HH Indonesia. The court concludes that the instant adversary proceeding should be dismissed, for failure to state a claim upon which relief can be granted, as to HH Indonesia.

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on June 26, 2014.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE